■ CHARLES M. HUGGINS et al., Respondents, v. GULF OIL CORPORATION, Appellant, et al., Defendants.— Appeal from an order of the Supreme Court, Special Term, Schenectady County which enjoined defendant-appellant, pending trial and determination of the action, from proceeding to construct a public garage or other building on certain designated lands in the town of Niskayuna pursuant to a permit theretofore granted by the building inspector of that town for the construction of a service station. At the times when the building permit was issued and extended the premises were within a zone designated "'D' Community Store District" by the town zoning ordinance. Within that district retail stores may be constructed but public garages may not. The question then is one of definition. More narrowly, the issue is whether the use of such a service station is for the "housing or care of self-propelled vehicles", in the language of the ordinance. The building plan shows gasoline pumps and facilities for lubricating and washing automobiles. The zoning ordinance defines "garage" in the language above quoted; defines "garage, private", in part, as an "accessory garage  *  *  *  for housing only"; and provides that a public garage is a "garage other than a private garage". The Special Term held, in effect, that the "care" of vehicles embraces such functions of a service station as the "sale of items at retail, lubrication, testing, repair of tires and other services  *  *  *  common to gasoline service stations" and, thus, that the contemplated use is prohibited. While the Special Term relied somewhat on dictionary and judicial definitions of "garage", and such may be helpful and of some persuasive force, the basic question is the meaning intended by the legislative authority for the term "care" of vehicles. As bearing on such intent, the answering affidavits suggest, but do not clearly present, some question of a practical construction in the past which may be developed upon a trial. In our view, the granting of the temporary injunction was within the bounds of the court's discretion. We consider, however, that a prompt trial of the issues should be had. Accordingly, the order is modified to provide that defendant-appellant may move at Special Term on or after March 15, 1958, to vacate the order unless plaintiffs shall have applied at the opening of the January 1958 Trial Term in Schenectady County for a preference pursuant to subdivision 3 of rule 151 of the Rules of Civil Practice and shall have been ready to proceed to trial at a time fixed by the Justice presiding at such Trial Term; and as so modified the order is affirmed, with $10 costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.